# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WALTER HARRIS, | ) | CASE NO. 1:18 CV 1579 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN NEIL TURNER, | ) | ORDER ADOPTING REPORT |
| | ) | AND RECOMMENDATION |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg. The Report and Recommendation (ECF #9) issued on February 10, 2020, is hereby ADOPTED by this Court.

**Procedural History**

Petitioner, proceeding *pro se*, filed for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for rape, sexual battery, kidnapping, gross sexual imposition, attempted rape, and attempted sexual battery. (ECF #9, p. 5-6). On September 27, 2018, Respondent filed a Return of Writ opposing the petition. (ECF #6). On October 22, 2018, Petitioner filed a Traverse. (ECF #7). Respondent filed a Reply to the Traverse on November 2, 2018. (ECF #8).

On February 10, 2020, Magistrate Judge Greenberg recommended that the petition be dismissed because Petitioner's grounds for relief are procedurally defaulted and also because Petitioner's fourth ground for relief—that his convictions are against the manifest weight of the evidence—is not cognizable on federal habeas review. (ECF #9, p. 18-22). Additionally, Magistrate Judge Greenberg recommended that Petitioner's request for an evidentiary hearing be denied because

Petitioner failed to provide any meaningful support for the request. (ECF #9, p. 23). On February 24, 2020, Petitioner timely filed an objection to the Magistrate's Report and Recommendation. (ECF #10).

**Standard of Review**

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. Fed. R. Civ. P. 72(b) states:

> The district judge must determine *de novo* any part of the magistrate judge's dispositions that has been properly objected to. The district judge may accept, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

However, "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citations omitted).

The U.S. Supreme Court stated: "It does not appear that Congress intended to require district court review of magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to these findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Here, Petitioner timely objected on February 24, 2020. (ECF #10). Accordingly, this Court reviews *de novo* Magistrate Judge Greenberg's Report and Recommendation.

**Conclusion**

The Court has carefully reviewed the Report and Recommendation and agrees with the findings set forth therein. The Court has reviewed *de novo* those portions of the Magistrate Judge's

Report and Recommendation to which Petitioner objects. The Court finds Magistrate Judge Greenberg's Report and Recommendation to be thorough, well-written, well-supported, and correct. Moreover, the Court finds that Petitioner's objections raise no arguments (factual or legal) that have not been fully addressed by the Magistrate's Report and Recommendation. After careful evaluation of the record, the Court ADOPTS Magistrate Greenberg's Report and Recommendation (ECF #9) in its entirety. Petitioner's habeas petition (ECF #1) is, therefore, denied, and the case is DISMISSED.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893

n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. For the reasons thoroughly discussed in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that this Court's assessment of Petitioner's claim is debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: March 16, 2020